UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KRISTINA M. PRATHER,

    Plaintiff,

v.                                                 Case No. 6:22-cv-786-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**ORDER**

    Before me is Plaintiff's Uncontested Motion for Attorney's Fees (Doc. 21). By the motion, Plaintiff seeks attorney's fees in the amount of $3,317.84 and costs in the amount of $402 for the filing fee pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a) & (d).[1] On September 22, 2022, I entered an Order reversing and remanding the case to the Commissioner of the Social Security Administration for further administrative proceedings (Doc. 19). Thereafter, the Clerk entered judgment in favor of Plaintiff (Doc. 20).[2] As the prevailing party, Plaintiff now requests an award of attorney's fees and costs. *See* 28 U.S.C. § 2412(a) & (d)(1)(A); *cf. Shalala v. Schaefer*,

---

[1] Attorneys Sarah P. Jacobs and Richard A. Culbertson request fees at the hourly rate of $233.65 for 14.2 hours of work performed in 2022, for a total of $3,317.84 in fees (Doc. 21, at 2, 6, 10-11).

[2] The plaintiff in a social security case has 30 days beyond the 60-day appeal window to apply for fees and other expenses under the EAJA, for a total of 90 days after judgment. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); Fed. R. App. P. 4(a)(1)(B); *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1343 (M.D. Fla. 2002). In this case, Plaintiff timely filed her application for fees on October 31, 2022 (Doc. 21).

509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party).

In *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA fee award is awarded to the "prevailing party," not to counsel. In this case, Plaintiff has agreed to assign the EAJA award to her counsel (Doc. 21-1). The Commissioner does not oppose Plaintiff's motion. After issuance of an order awarding EAJA fees, however, the United States Department of the Treasury will determine whether Plaintiff owes a debt to the government. If Plaintiff has no discernable federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay the fees directly to Plaintiff's counsel. If she does, fees shall be made payable to Plaintiff and delivered to Plaintiff's counsel to satisfy the debt. For the reasons set out in Plaintiff's motion, therefore, it is hereby

ORDERED:

1. Plaintiff's Uncontested Motion for Attorney's Fees (Doc. 21) is GRANTED.

2. Plaintiff is awarded fees in the amount of $3,317.84. Unless the Department of Treasury determines that Plaintiff owes a federal debt, the government must pay the fees to Plaintiff's counsel in accordance with Plaintiff's assignment of fees (Doc. 21-1).

3. Plaintiff is awarded costs in the amount of $402.

DONE AND ORDERED in Tampa, Florida on the 1st day of November, 2022.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record